NOT FOR PUBLICATION                                                                                CLOSED

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                        :
FRED S. LEHMANN,                        :
                                        :
        Plaintiff,              :       Civil Action No. 13-3790 (SRC)
                                        :
    v.                              :
                                        :
NORTHERN STATE PRISON, et al.,          :
                                        :
        Defendants.             :
_____:
                                        :
MILTON WHITLOCK and                     :
FRED S. LEHMANN,                        :
                                        :
        Plaintiffs,             :       Civil Action No. 13-5130 (SRC)
                                        :
    v.                              :
                                        :
NJDOC, et al.,                          :       **OPINION**
                                        :       **APPLIES TO BOTH ACTIONS**
        Defendants.             :
_____

**CHESLER, District Judge:**

    On June 19, 2013, Plaintiff Fred S. Lehmann ("Lehmann") submitted a civil complaint accompanied by his affidavit of poverty but not his six-month prison account statement; that submission gave rise to Lehmann v. Northern State Prison, Civil Action No. 13-3790 (SRC).[1]

---

[1] Lehmann was confined during the periods from May 2006 to October 2007, January to August 2010, and April 2011 to November 2013. See Lehmann v. Atlantic County Prosecutors Office, Civil Action No. 07-4837; https://www6.state.nj.us/DOC_Inmate/details?x=1352864&n=0. During these periods, he commenced eleven civil actions (including the two actions at bar). See Lehmann v. Atlantic County Prosecutors Office, Civil Action No. 07-5263; Lehmann v. New Jersey Dep't of Corr., Civil Action No. 07-5964; Lehmann v. Knitock Group, Civil Action No. 11-3783; Lehmann v. New Jersey Dep't of Corr., Civil Action No. 11-7605; Lehmann v. Southern State Corr. Facility, Civil Action No. 12-2956; Lehmann v. New Jersey Dep't of Corr., Civil Action No. 12-4433; Lehmann v. New Jersey Dep't of Corr., Civil Action No. 13-3782;

The Lehmann complaint named the New Jersey Department of Corrections and Northern State Prison as Defendants, indicated Lehmann's intent to commence a class action and alleged that his rights were violated by not being paid $15 while in administrative segregation.  See id., ECF No. 1, at 4.  Six weeks later, Lehmann submitted another civil complaint.  It arrived, again, accompanied by his affidavit of poverty but not his prison account statement, and had the name and SBI number of Milton Whitlock ("Whitlock") written in the caption above Lehmann's name.  See Whitlock v. Northern State Prison, Civil Action No. 13-5130, ECF No. 1, at 1.  The Whitlock complaint analogously named the New Jersey Department of Corrections and Northern State Prison as Defendants, indicated Lehmann's intent to commence a class action and alleged that his rights were violated by not being paid $15 while in segregation.[2]  See id. ECF No. 1, at 4.

In light of Lehmann's failure to provide this Court with his six-month account statement – regardless of being informed of that requirement *nine times* (in Lehmann's nine previous cases) – this Court will deny Lehmann in forma pauperis status.  Moreover, in light of Lehmann's release from confinement and his failure to inform of his change in address, such denial will be

---

Lehmann v. Southern State Corr. Facility, Civil Action No. 13-4921.  In all these actions, he submitted his affidavit of poverty *without* his prison account statement and, being denied in forma pauperis status, abandoned his litigation.  Lehmann was released from his latest custody on November 2, 2013, see https://www6.state.nj.us/DOC_Inmate/details?x=1352864&n=0, but did not notify this Court and about his change in address.  See L. Civ. R. 10.1(a) ("unrepresented parties must advise the Court of any change in their . . . address within seven days of being apprised of such change by filing a notice of said change . . . [f]ailure to file a notice of address change may result in the imposition of sanctions by the Court").

[2]  Lehmann also asserted that he was denied bottled water, found the prison cells "disgusting," was displeased with the lack of "private" cells free of cell-mates, and that the recreational activities allowed to the segregated inmates were, in Lehmann's opinion, insufficient.

with prejudice. [3] In conjunction with the foregoing, Lehmann's application for class certification will be denied as moot and, in addition, for failure to meet the requirements of Rule 23 in light of Lehmann's personal/unique claims based on his own preferences as to prison accommodations.

In light of the absence of Whitlock's affidavit of poverty and account statement, and because the content of the Whitlock complaint does not allow this Court to determine with any degree of certainty Whitlock's voluntary involvement in the Whitlock matter, Whitlock's application for in forma pauperis status, if such was intended, will analogously be denied. [4]

---

[3] See McLaren v. N.J. State Dep't of Educ., 462 F. App'x 148, 149 (3d Cir. 2012) (the court may sanction a litigant "when [that] litigant's conduct makes adjudication impossible" and dismissal for failure to provide an accurate address is appropriate because the district court "had little choice as to how to proceed" and "an order imposing [lesser] sanctions would only find itself taking a round trip tour through the United States mail") (quoting Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988)); Kitchen v. Essex County Corr. Facility, No. 12-2199, 2013 U.S. Dist. LEXIS 101397 (D.N.J. July 18, 2013) (the range of sanctions includes both administrative termination and conclusive closure).

[4] Such denial will be without prejudice to seeking in forma pauperis status in a civil action, if any, Whitlock commences on his own. The Court, however, notes that the Department of Corrections and prison are not "persons" for the purposes of a Section 1983 suit and, thus, cannot qualify as defendants. Also, an inmate has no constitutional right to bottled water: he may recover only if he produces evidence that the prison water presented a substantial risk of harm to his health, and defendants were deliberately indifferent to his health or safety. See, e.g., Wolfe v. Christie, No. 10-2083, 2013 U.S. Dist. LEXIS 88655, at *16 (D.N.J. June 25, 2013) (citing Crocamo v. Hudson County Correctional Center, No. 06-1441, 2007 U.S. Dist. LEXIS 28857 (D.N.J. April 19, 2007), for the observation that allegations of an inmate's skin becoming dry, or an inmate developed a rash or "minor skin infections," are insufficient). A denial of recreation amounts to a constitutional deprivation only if the inmate states facts showing that said denial was such that it caused an injury to the inmate's ability to control his muscular functions or to maintain his range of physical motions. See Cary v. Rose, 902 F.2d 37 (7th Cir. 1990) (where the inmates alleged that they were denied adequate recreation but admitted that they had room in their cells and in the hallway to run in place or perform calisthenics, their allegations could not amount to a constitutional claim because, unless extreme and prolonged, lack of exercise could not be equated to a medically-threatening situation); Ellis v. Crowe, No. 09-3061, 2009 U.S. Dist. LEXIS 125154, at *36 (E.D. La. Dec. 18, 2009) (denial of recreation claim should be dismissed if the facts the inmate alleges do not show that he was so deprived of recreation that he suffered a physical injury, such as muscle atrophy). Finally, a claim that an inmate's state pay was not credited to his institutional account is barred by the New Jersey Tort Claims Act, N.J. Stat. Ann. §§ 59:1-1 et seq. (2001), since the right to such action provides all the process due.

An appropriate Order follows.

　　　　　　　　　　　　　　　　　　　  /s Stanley R. Chesler         
　　　　　　　　　　　　　　　　　　　**STANLEY R. CHESLER**
　　　　　　　　　　　　　　　　　　　**United States District Judge**

Dated:  July 7, 2014

4